IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION, LOCAL NO. 18,

                   Plaintiff,

  v.

AIR CLIMATE SYSTEMS, INC. and
ALL CLIMATE SYSTEMS, INC.,

                   Defendants.

ORDER

07-cv-606-bbc

---

In this court's January 9, 2008 preliminary pretrial conference order, I noted for the benefit of the corporate defendants' owner, Vickie Shelton that the law requires a corporate litigant to be represented by an attorney. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). While noting Ms. Shelton's frustration at her situation, I advised her that because she was not a lawyer she could not represent the defendants and there was nothing this court could do to assist Ms. Shelton obtain representation for her company.

On February 15, 2008, Ms. Shelton filed a letter with the court pleading for protection from plaintiff's repetitive discovery demands, claiming that plaintiff's agents were engaged in a personal vendetta against her. *See* dkt. 9. Plaintiff responded procedurally with a motion to strike, observing that Ms. Shelton cannot represent the defendants, and substantively, by noting that plaintiffs were serving discovery on the defendant company because the NLRB denied plaintiff access to the documents defendant had provided to the Board. As a corollary to this, plaintiff asked this court to strike defendant's answer (dkt. 6) because it was not signed by an attorney. *See* dkts. 11 - 15.

I am genuinely sympathetic to the quandary in which Ms. Shelton finds herself, but the rule is clear: when suing or being sued, a corporation must be represented by an attorney. This is one of the tradeoffs that a corporation's owner must accept in exchange for the benefits she obtains by incorporating her business. A corporation is a "fictive person" that exists independently of its owner; therefore it cannot be represented by her in legal proceedings unless she also happen to be a lawyer. Ms. Shelton *can* represent the corporation in other matters, such as providing discovery responses directly to plaintiff or its attorney. She may not, however, file motions, briefs, pleadings or other documents with the court on behalf of the corporation.

Therefore, it is ORDERED that plaintiff's motion to strike defendants' answer and defendants' request for protection are GRANTED.

Entered this 4th day of March, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge