IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHEET METAL WORKERS INTERNATIONAL
ASSOCIATION, LOCAL NO. 18,

                    Plaintiff,

  v.

AIR CLIMATE SYSTEMS, INC. and
ALL CLIMATE SYSTEMS, INC.,

                    Defendants.

ORDER

07-cv-606-bbc

---

Before the court is plaintiff's motion to compel discovery and to extend the summary judgment motion deadline. *See* dkts. 19 and 22. For the reasons stated below I am granting both, although I am allowing only a 45 day extension.

Previous orders entered in this lawsuit provide context for where we find ourselves today. The plaintiff union seeks relief in this court from a family-owned corporation and its alleged corporate predecessor. The owner of the extant company, Vickie Shelton, is not a lawyer and cannot afford a lawyer for the defendant company. This court has advised Ms. Shelton that although it is sympathetic to her plight, the law in this judicial circuit is clear: a non-lawyer cannot represent a corporation in court during a lawsuit against the corporation. However, a non-lawyer can act on behalf of a corporation outside of court during the lawsuit, for instance, by providing information in response to discovery demands. Ms. Shelton has reported to the court her belief that the plaintiff union is engaged in a vendetta against her, including harassing and unnecessary discovery demands. The union has explained that first it attempted to obtain the relevant documents from the NLRB, which held its own proceeding, but the NLRB refused,

so the union has made its requests of the company. Notwithstanding Ms. Shelton's complaints about how union officers have communicated with her in the past, I am confident that the union's lawyer, as an officer of this court, will not engage in rude or threatening language during his attempts to obtain discovery in this lawsuit.

This leads to the union's motion to compel discovery and to extend the summary judgment motion deadline. *See* dkts. 19 (March 27, 2008 motion) and 22 (March 28, 2008 follow-up letter). Pursuant to this court's January 9, 2008 preliminary pretrial conference order, (dkt. 8 at 6), the company had five calendar days within which to file any response to this motion. Of course, unless the company is able to hire a lawyer, it has no spokesperson who is eligible to file a response. Given Ms. Shelton's report of her circumstances, this is not likely to occur, but the court must and will give the defendant every opportunity to be heard that the rules and the law allow. But it is now April 7, 2008 and there has been no response from the defendant. The lack of a response does not mean that the court will grant the motion automatically: the union must establish that its discovery demands are proper under the Federal Rules of Civil Procedure.

In its motion and accompanying affidavit, the union explains that it sent its discovery demands to the company on January 22, 2008. The union posed 16 interrogatories that asked straightforward questions about Air Climate and All Climate. To date, the company has not provided answers. These questions seek information relevant to the union's claims in this lawsuit, these questions would not be unduly burdensome for corporate officers to answer and they are not harassing or vexatious. Therefore, the company must answer them within two weeks, that is, not later than April 21, 2008.

Next, the union made 17 requests for production of documents, some with multiple subparts. The company has not provided any documents in response. The document requests are extensive and it probably will take some time for the company to gather the requested documents and copy them. But given the nature of the claims in this lawsuit, these requests are valid. The documents all are relevant to proving–or perhaps disproving–the union's contention that Air Climate and All Climate are, for the purposes relevant to the union, the same company. Most of the requests seek corporate documents of the sort that any corporation, no matter how small, should have organized and filed so that they are easy to retrieve. Additionally, the time frame is limited to the period from 2004 to the present, which is only slightly more than four years. This does not create a harsh or unfair burden on the company. Therefore, the company must provide the requested documents within two weeks, that is not later than April 21, 2008.

The union has requested a 60 day extension of the April 15, 2008 summary judgment motion deadline. I can provide about 45 extra days without compromising the court's ability to provide a timely ruling on any motion. Therefore, the new deadline for filing summary judgment motions is May 30, 2008.

Finally, the union has requested cost shifting under F.R. Civ. Pro. 37. I understand the union's frustration at the position in which it finds itself, but pursuant to Rule 37(a)(5)(A)(iii), I find that circumstances make the award of expenses on this motion unjust. If Ms. Shelton is to be believed, she inherited this mess, got bad advice from an expensive attorney, cannot afford a new lawyer and therefore does not understand what is happening now or why it is happening. This is a sufficient proffer for the court to continue its forbearance toward Ms. Shelton at least to the extent of sparing her the cost of the motion filed against the company. But it is high time

for Ms. Shelton, to come to terms with the increasingly tenuous position of her unrepresented company in this lawsuit.

ORDER

It is ORDERED that plaintiff's motion to compel discovery and to extend the summary judgment motion deadline is GRANTED in the manner and for the reasons stated above.

Entered this 7th day of April, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge